UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| RONNIE L. SNYDER, | Civil No. 08-5073 (ADM/JSM) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| LORI SWANSON, | |
| Defendant. | |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's request for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a). (Docket No. 2.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this case be dismissed without prejudice.

Plaintiff, an inmate at the Federal Correctional Institution in Oxford, Wisconsin, commenced this action by filing a complaint seeking relief for alleged violations of his federal constitutional rights. (Docket No. 1.) Plaintiff did not pay the $350 filing fee required by 28 U.S.C. § 1914(a) when he commenced this action, but he instead filed the IFP application that is now before the Court.

Because Plaintiff is a prisoner, his IFP application is subject to the requirements of the Prison Litigation Reform Act of 1995, ("PLRA"). This means, inter alia, that he must pay an initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).

In this case, the initial partial filing fee that Plaintiff is required to pay under the formula prescribed by § 1915(b)(1) is $13.37.  However, Plaintiff did not tender his initial partial filing fee with his complaint and IFP application.  Therefore, by order dated September 9, 2008, (Docket No. 4), Plaintiff was directed to pay his initial partial filing fee of $13.37 within twenty days.  The Court's order expressly advised Plaintiff that if he failed to pay the prescribed amount within the time allowed, he would be deemed to have abandoned this action, and it would be recommended that his case be dismissed pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute.

The deadline by which Plaintiff was required to pay his initial partial filing fee has now passed, and Plaintiff has not tendered the payment due, nor has he offered any excuse for his failure to do so.  Therefore, in accordance with the Court's prior order of September 9, 2008, it is now recommended that Plaintiff be deemed to have abandoned this action, and that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).  See In re Smith, 114 F.3d 1247, 1251 (D.C.Cir. 1997) (failure to pay initial partial filing fee required by § 1915(b)(1) "may result in dismissal of a prisoner's action"); Amick v. Ashlock, No. 04-1171 (8th Cir. 2004), 2004 WL 2603590 (unpublished opinion) (prisoner action can properly be dismissed where prisoner fails to pay initial partial filing fee as ordered); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (federal court has inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases"); Henderson v. Renaissance Grand Hotel, 267 Fed.Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules

of Civil Procedure or any court order").[1]

RECOMMENDATION

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

---

[1] On September 26, 2008, Plaintiff filed a request for leave to file an amended pleading. (Docket No. 5.) Because Plaintiff has failed to pay his initial partial filing fee, and he is therefore deemed to have abandoned this action, the "motion to amend" will have to be denied as moot. The Court notes, however, that even if Plaintiff had paid the required filing fee, his motion to amend would have been denied, because he did not submit a copy of his proposed new pleading, as required by Local Rule 15.1.

Furthermore, it is readily apparent that Plaintiff's attempt to amend his pleading could not save this action from inevitable dismissal. Plaintiff is seeking federal court review of a Minnesota state criminal conviction that he sustained several years ago. He apparently realizes that he is time-barred from seeking federal habeas corpus review of that conviction, so he tried to circumvent the statute of limitations, by bringing this action (originally) under 42 U.S.C. § 1983. The Court previously advised Plaintiff that he could not challenge his prior conviction in a § 1983 civil rights action, because of the Supreme Court's ruling in Heck v. Humphrey, 512 U.S. 477 (1994). (See Order dated September 9, 2008, [Docket No. 4], pp. 3-4, n. 2.) It appears that Plaintiff then filed his "motion to amend," in an effort to circumvent Heck. In that motion, Plaintiff seeks leave to substitute a petition for a writ of coram nobis in place of his original § 1983 complaint. However, that would be a futile substitution, because Plaintiff cannot challenge a state court judgment by filing a petition for a writ of coram nobis in federal court. See Booker v. State of Arkansas, 380 F.2d 240, 244 (8th Cir. 1967) (coram nobis is not available to a petitioner seeking to challenge a state criminal conviction in federal court); Sinclair v. State of Louisiana, 679 F.2d 513, 514 (5th Cir. 1982) ("[i]t is well settled that the writ of error coram nobis is not available in federal court to attack state criminal judgments"); Lowery v. McCaughtry, 954 F.2d 422, 423 (7th Cir.) (federal court may not issue writ of coram nobis for state petitioner), cert. denied, 506 U.S. 834 (1992); Theriault v. State of Mississippi, 390 F.2d 657 (5th Cir. 1968) (per curiam) ("coram nobis is not available in federal court as a means of attack on a state criminal judgment"); Blake v. State of Florida, 395 F.2d 758 (5th Cir. 1968) (same); Finkelstein v. Spitzer, 455 F.3d 131, 134 (2nd Cir. 2006), cert. denied, 127 S.Ct. 1125 (2007) (same); Obado v. New Jersey, 328 F.3d 716, 718 (3rd Cir. 2003) (same). Because the present case will be dismissed without prejudice, the dismissal of the case, by itself, will not bar Plaintiff from pursuing another action in federal court. However, it clearly appears that Plaintiff will not be able to challenge his prior state court conviction in federal court, regardless of the remedy he seeks, or the procedural means that he tries to use.

3

     1.  Plaintiff's application for leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u>, (Docket No. 2), be **DENIED**;

     2.  Plaintiff's motion to amend his complaint, (Docket No. 5), be **DENIED AS MOOT**; and

     3.  This action be **DISMISSED WITHOUT PREJUDICE**.

Dated:   October 21, 2008

                                         *s/ Janie S. Mayeron*
                                         JANIE S. MAYERON
                                         United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by November 10, 2008, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.