UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Ronnie L. Snyder,

                Plaintiff,                **MEMORANDUM OPINION AND ORDER**

v.                                           Civil No. 08-5073 ADM/JSM

Lori Swanson,

                Defendant.

---

Ronnie L. Snyder, pro se.

---

## I.  INTRODUCTION

This matter is before the undersigned United States District Judge to consider Plaintiff Ronnie L. Snyder's ("Snyder") Objection [Docket No. 7] to the Report and Recommendation ("R&R") [Docket No. 6] of Magistrate Judge Janie S. Mayeron.  For the reasons set forth below, the Objection is overruled and the R&R is adopted.

## II.  BACKGROUND

Snyder is an inmate at the Federal Correctional Institution in Oxford, Wisconsin.  Compl. [Docket No. 1] at 1.  In September 2008, he commenced this action under 42 U.S.C. § 1983, asking the Court to declare a violation of his right to a speedy trial, overturn his conviction, and strike the fine he was ordered to pay.  Id. at 21.  Snyder did not petition for habeas corpus relief because he was procedurally time barred from doing so.  Id. at 3.  Snyder did not pay a filing fee instead requesting leave to file in forma pauperis ("IFP") [Docket No. 2].  Judge Mayeron issued an order informing Snyder that under 28 U.S.C. § 1915(b), he was required to pay a partial initial filing fee of $13.37 within twenty days or his action would be deemed abandoned.  September 9,

2008 Order [Docket No. 4] at 2-4. Judge Mayeron also advised Synder that it was unlikely his Complaint would survive the initial screening process because a § 1983 action challenging the validity of a prior state criminal conviction is barred under the ruling of Heck v. Humphrey, 512 U.S. 477 (1994), and thus, he should reconsider whether he wished to pursue this action because he would be responsible for the entire $350 filing fee even if his case were dismissed. Id. at 3-4 n.2.

Snyder responded within twenty days with a Motion to Amend the Complaint [Docket No. 5] requesting leave to convert his claim to a petition for writ of coram nobis. Mot. to Amend at 1. Snyder claimed that because of the changed procedural posture of having moved for an amended complaint, he was unsure whether he still needed to remit the $13.37 to continue the action. Judge Mayeron found that the deadline for paying the initial partial filing fee had passed, Snyder had not tendered payment, and he had not offered an excuse for failing to do so. R&R at 2. For this reason, Judge Mayeron recommended Snyder be deemed to have abandoned his action and that it should be dismissed. Id. Judge Mayeron also found Snyder's attempt to amend his pleading would not prevent dismissal because a writ of coram nobis cannot be used to challenge a state court conviction in federal court. Id. at n.1.

In his Objection, Snyder argues that his excuse for failing to pay the initial partial filing fee was that he did not know whether he was required to do so in light of his request for leave to amend the complaint. Objection at 1. He also argues that a writ of coram nobis is appropriate in his case because it is "available to fill the interstices of the federal post-conviction remedial framework." Id.

### III.  DISCUSSION

In reviewing an R&R, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); see also D. Minn. LR 72.2(b).  A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

Snyder was directed by Judge Mayeron to pay the initial partial filing fee or his action would be deemed abandoned.  Snyder chose not to do so and instead attempted to change the styling of his Complaint and then question whether the partial filing fee still applied.  Snyder did not, however, file another IFP request, and he continued to proceed under the original IFP motion.  As Judge Mayeron explained to Snyder in the September 9, 2008 Order, 28 U.S.C. § 1915(b) provides that, "if a prisoner brings a civil action . . . in forma pauperis, the prisoner shall be required to pay the full amount of the filing fee" and that an initial partial payment will be assessed and must be tendered in order to commence an action.  Judge Mayeron highlighted this requirement in the September 9, 2008 Order, Snyder was well aware of the requirement, and his Motion to Amend appears to be an attempt to circumvent the partial filing fee and dismissal under Heck.

Additionally, the Local Rules require that "[s]tatutory fees in connection with the institution or prosecution of *any* cause in this Court shall be collected." Minn. L.R. 4.2(a) (emphasis added).  The Local Rules and Judge Mayeron made it abundantly clear to Snyder that, absent the grant of an IFP application, the commencement of an action, whether styled as a § 1983 action or a petition for writ of coram nobis, requires the payment of a filing fee.  Snyder

has not offered any reason to explain why he cannot pay the initial partial filing fee. His actions imply that he simply does not want to pay the fee. For this reason, the Court finds that Snyder is deemed to have abandoned his action and the case is dismissed without prejudice. See Amick v. Ashlock, 113 Fed. App'x 141, 142 (8th Cir. 2004) (upholding a dismissal for failing to pay the filing fee but modifying the dismissal to be without prejudice). If Snyder chooses to do so, he can file a new complaint and, upon payment of an initial partial filing fee, a court will consider the merits of his claim.

Snyder is forewarned his amended Complaint, as currently styled, would fail as a petition for a writ of coram nobis. The writ of coram nobis is only available in federal court to individuals convicted in a federal trial court. See United States v. Morgan, 346 U.S. 502, 512 (1954). Snyder challenges his state court conviction. This Court does not have jurisdiction to consider such a petition for writ of coram nobis. See Booker v. Arkansas, 380 F.2d 240, 244 (8th Cir. 1967) (coram nobis not available to a petitioner seeking to challenge a state criminal conviction in federal court); Finklestein v. Spitzer, 455 F.3d 131, 134 (2d Cir. 2006) (same); Obado v. New Jersey, 328 F.3d 716, 718 (3d Cir. 2003) (same). Furthermore, if Snyder re-files, and pays the partial initial filing fee and the action is dismissed on its merits, as will happen if he petitions for a writ of coram nobis, he will be responsible for paying the remaining balance on the initial $350 filing fee. See 28 U.S.C. § 1915(b)(2).

## IV.  CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The R&R [Docket No. 6] is **ADOPTED**;

2. The Objection [Docket No. 7] is **OVERRULED**;

3. Plaintiff's application for leave to proceed in forma pauperis [Docket No. 2] is **DENIED**;

4. Plaintiff's Motion to Amend the Complaint [Docket No. 5] is **DENIED AS MOOT**; and

5. The Complaint [Docket No. 1] is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  January 20, 2009.